### HORTON v. WOOD.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

DOCUMENTARY EVIDENCE—MEMORANDUM OF CONTRACT.

In an action for commissions due plaintiff for services as canvasser, on an issue as to an oral contract made with plaintiff by defendant's manager, who has since died, an entry of the contract in a book, made by the manager at the time, but which was not read or shown to plaintiff, is inadmissible to show the terms of the contract.

Appeal from circuit court, Kings county.

Action by James B. Horton against William H. S. Wood for personal services.   From a judgment for plaintiff entered on a verdict, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals.   Affirmed.

Plaintiff was employed as a book canvasser by George S. Plummer, who was then in charge of the subscription book department of defendant's publishing house, and who died before the trial of the case.   Plaintiff claimed that according to the oral agreement made between himself and Plummer he was to receive 15 per cent. on all sales, while defendant claimed that he was to receive only 15 per cent. on money actually collected on the sales.   Defendant offered in evidence a memorandum of the contract made by Plummer at the time, which, on plaintiff's objection, was excluded, unless it was shown to have been read or shown to plaintiff; and defendant contended that by his correspondence prior to the trial plaintiff showed that he acknowledged defendant's construction of the contract to be correct.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Edwards & Odell, (Walter Edwards, of counsel,) for appellant.
Andrew J. Provost, for respondent.

PRATT, J.   The verdict was not contrary to the evidence.   The letters of plaintiff, upon which defendant relies, are entirely consistent with plaintiff's evidence.   We think they might be said to corroborate it so far as to show it is not an afterthought, but that he frankly stated his views when the dispute first arose in the same manner that he states them now.   The exception to the exclusion of Plummer's statement cannot be sustained.   Entries in books of accounts are sometimes admitted, as are records kept by public officers after the death of those by whom they were made.   But no authority is cited to show that a written statement of the facts in a disputed cause can be proved after the death of the writer simply because entered in a book.

Judgment affirmed.   All concur.